Read, J.
The recital in the condition of the bond is that ga^eg was ¿u]y appointed a member of the Board of Public r . . . and the condition, in substance that he should faithfully discharge the duties of such office, and account for all moneys intrusted to him as such officer. The breach assigned is that he failed to account for moneys which came into his possession as one of the Acting Commissioners of said Board. It is contended that the breach is broader than the condition, and that the declaration seeks to make the sureties liable for a default of their principal not within the letter of the bond. It is replied that the duties of Acting Commissioner are embraced within the scope of the duties of a member of the Board, and are included in the words of the condition of the bond. But it is conceded, that as a mere member of the Board, Bates would have no control of the public money, and as such nono by law could come into his possession. To authorize him to receive and disburse money, he must be both a member of the Board and an Acting Commissioner designated by the Board itself. The duties, then, of a member of the Board merely, stops short of the receipt of money. To receive money requires in addition that he should be an Acting Commissioner. There is then a difference in power and duty in being a single member of the Board, and a member of the Board and Acting Commissioner. This embraces only the duties of a member of the Board; and to make it embrace the duties of Acting Commissioner also, it must be enlarged beyond its letter. Now if the condition of the bond had been for the faithful performance of the duties of Acting Comsioner, there might be plausibility in the argument that i't included all the duties of a member of the Board, as no one could be an Acting Commissioner who was not a member of the Board. These two are inseparable. But one may be a member of the Board and not an Acting Commissioner. Now one thing is perfectly clear, that the duties and powers of a member of the Board, and the duties and powers of an Acting Commissioner, are different and distinct, and the risk and liability of sureties for one or the other are also entirely distinct. In the *565 one instance the risk and liability of the sureties, would be as merely nothing, and in the other might be of great hazard and peril. The duties of a mere member of the Board are those judgment and deliberation, the other, of pecuniary accountability. How then can a bond conditioned for the performance of the duties of an office, of merely a moral nature, be extended and embrace a liability to account for money ? But it may be said, in this instance, if the bond do not embrace the latter, it embraces nothing; and that the officer who took it failed in intelligence. The reply to all this is, that the bond speaks for itself ; and the law is that it shall so speak ; and that the liability of sureties is limited to the exact letter of the bond. Sureties stand upon the words of the bond, and if the words will not make them liable, nothing can. There is no construction, no equity against sureties. If the bond cannot have effect according to its exact words, the law does not authorize the Court to give it effect in some other way, in order that it may prevail. It is not like a grant, where every thing is construed most strongly against the grantor, and where the intent governs, and will be sought after from the object, or extrinsic facts, to give such construction to words as to carry into effect the intention of the parties.
But it is argued the office is the same, and the designation of Acting Commissioner is a distribution of duties. This is not so. It is the union of distinct duties and powers in the same person. The letter of the bond includes one class of these duties and powers, and it is attempted to extend them to embrace a different class. The fact that no one is eligible to be designated as Acting Commissioner but a member of the Board, no more ■ makes a member of the Board an Acting Commissioner, than the fact that no one but a voter is eligible to a seat as a member of the General Assembly, constitutes every voter a Representative. It is not a case of distribution of powers and duties, but a designation of the person to exercise and discharge certain powers and duties. Without such designation, no person would be authorized to act; so that the Board of Public Works *566 is divided so far as duties and powers are concerned, into mem- ’ bers of the Board and Acting Commissioners. The members of the Board qualify by taking the prescribed oath — the Acting Commissioners by executing the prescribed bond. The one embraces motive and judgment, the other, in addition thereto, the faithful accounting for money. The fact that but one oath is required, does not prove that they are one office. The statute says, that no one shall enter upon the duties of a member of the Board until he has taken an oath, and that no one shall enter upon the duties of an Acting Commissioner until he has executed bond; but the fact that no one is eligible to be designated as Acting Commissioner but a member of the Board, and no one can act as a member of the Board until he has taken an oath, does not prove that because there is but one oath, there is but one office, for the reason that an office may exist whose duties are guarantied by bond and not oath, as in the present instance; and that distinct offices may unite in the same person, the duties of which are guarantied in different modes.
The duties and powers of a mere member of the Board and of an Acting Commissioner being wholly distinct, a majority of the Court are perfectly clear that a bond limited in recital and condition to the duties of a member of the Board, cannot be extended to embrace and render the sureties liable for the defalcation of an Acting Commissioner. A mere member of the Board has no authority to receive money. This is a principal duty of an Acting Commissioner. Hence a bond limited to a member cannot be extended to embrace the defalcation of an Acting Commissioner.
We therefore affirm the judgment of the Court below.