Kleffel v. Bullock.

WILLIAM KLEFFEL, PLAINTIFF IN ERROR, V. FRANK W. BULLOCK, DEFENDANT IN ERROR.

1. **Practice**: OFFER TO CONFESS JUDGMENT: IT NEED NOT BE RENEWED ON APPEAL. An offer to confess judgment, duly made in the court where the action is brought, under sec. 1004 of the code of civil procedure, need not be renewed in the appellate court in order to make it available to the party making it on final judgment.

2. **Infancy**: DISABILITIES OF. By the legislation in this state, all the disabilities of infancy, as they exist by the common law, are fully recognised.

3. ———: INFANT NOT LIABLE TO A JUDGMENT FOR COSTS. In this state, the action of an infant must be brought by his guardian or next friend, who alone is liable for the costs. The infant is not liable to a judgment therefor.

4. ———: ———. Nor is he liable to a judgment for costs after arriving at full age, in an action brought without a guardian or next friend, but not terminated during infancy, if, on reaching his majority, at the first opportunity he disclaims all benefit from the proceeding, and refuses to proceed further.

ERROR from the district court of Dodge county. The facts are given in the opinion.

*E. F. Gray and W. A. Marlow*, for plaintiff in error.

The proceedings in the case were not nullities, and the defendant in error having invoked the jurisdiction of the court, concealing the fact of his minority until after verdict, could not then avoid the consequence of refusing the offer of judgment. The irregularity was caused by the act and concealment of the defendant in error himself; it was his own wrong that he begun his action, appearing by attorney, instead of by guardian or next friend; and he might have asked for and obtained leave to amend, by having a guardian or next friend appointed at any time before or after verdict, and, if thought necessary, the court might compel such amendment. *Bartlett v. Batts*, 14 Ga., 539. *Bixter v. Taylor*, 3 B. Mon (Ky.), 362. *Fitch v. Fitch*, 18 Wend., 513. *Fish v. Ferris*, 3 E. D. Smith, 567. *Rutter v. Packhoffer*, 9 Bosw., 638. *Wolford v. Oakley*, 43 Pow. Pr., 118.

But the appearance of the defendant in error, after his alleged majority, we think avoided the necessity for the amendment, if, indeed, any such necessity ever existed.

And we submit that the question of the minority of defendant in error, suggested at the time and in the manner it was, should not have been entertained at all by the court where an infant plaintiff appears by attorney, and not by guardian or next friend. It is too late after verdict for either party to move to set aside the proceedings; in such case, neither party is entitled to a non-suit or dismissal of the action. *Adthorp v. Backus*, Kirby's (Coun.) R., 407. *Bartlett v. Batts*, 14 Ga., 539. *Fellows & Hawes v. Nevers*, 18 Wend., 563. *Schemer-*

*horn v. Jenkins,* 7 Johnson, 373.   *Smith v. Van Houten,* 4 Halst. (N. J.), 381.   *Drago v. Moses,* 1 Spear (S. C.), 212.   *Blood v. Harrington,* 8 Pick, 552.   *Bernecker v. Miller,* 44 Mo., 102.   *King v. King,* 37 Ga., 205.

*J. W. Perkins and Marshall & Sterett,* for defendant in error.

No costs were recoverable by the plaintiff or defendant at common law.  Jacob's Law Dictionary; title, Costs.   2d Institutes, 288.   Costs are therefore a matter of statutory regulation and creation.   Our statute evidently intends to bind the guardian or next friend for costs in an action commenced by an infant, and not to bind the infant.  Gen Stat., 529, sec. 37.   The statute seems imperative that the action of an infant must be brought by a guardian or next friend.  Gen. Stat., 529, sec. 36.   For aught that appears in this record, the defendant, at the time of this litigation, knew of the infancy of the plaintiff, and that he was seeking to take advantage of his youth and inexperience by involving him in a large bill of costs; and for that reason he did not want a guardian or next friend to protect the interests of the infant plaintiff.  The law knows no difference between infants of tender age and of mature years.   *Morgan v. Thorne,* 7 M. & W., 400.   Tyler's Infancy, 197.   An infant plaintiff or complainant is not liable for costs, but the prochein amy is.   Tyler's Infancy, 207 and 208.   *Sprawle v. Botts,* 5 J. J. Marsh, 162.   *Warrington v. Crane,* 1 American Leading Cases, 267.   Judgment against an infant without the appointment of a guardian *ad litem* is erroneous.   1 American Leading Cases, 265 and 249.   It is a maxim of the law that no laches or neglect is imputable to an infant *durante minoritate,* because he is not supposed to be cognisant of his rights, nor capable of enforcing them.   Tyler's In-

fancy, 159. 5 Bacon's Abridgment, 110 (9). The fact that one dealing with an infant supposed him to be of full age, or that the infant represented himself to be of age, or that the infant was in business and in the habit of contracting for himself, will make no difference in the infant's liability on his contract. It will not be enforced against his will. 1 American Leading Cases, 307. Tyler's Infancy, 57. Now in regard to the argument of plaintiff in error, we have to say that Bullock, in ignorance of his disability of infancy, commenced this action. In the absence of proof, we think this would be the presumption in favor of the infant. At the first opportunity, after coming of age, he disclaims all benefit of the verdict, and resists a judgment for costs. For this purpose only he puts in a special appearance, and did not submit himself to the jurisdiction of the court below, as appears from the record in the case. This case was, no doubt, irregularly commenced, no guardian or next friend having appeared or been appointed for the infant plaintiff. At common law this irregularity might perhaps have been cured by the appointment of such guardian or next friend, on motion of either party before the termination of the suit. We are not prepared to admit that such appointment could be made under our statute. If, however, the defendant allows the case to proceed to verdict without moving for such appointment, he cannot after verdict take advantage of such irregularity.

LAKE, J.

The defendant in error commenced an action in the county court for Dodge county against the plaintiff in error, to recover on an account for goods furnished and labor performed, a balance claimed to be due of sixty-six dollars and ninety cents. Immediately upon

being summoned, the plaintiff in error offered to confess a judgment for the sum of forty dollars, together with the costs then accrued, as provided in sec. 1004 of the code of civil procedure, by which it is enacted that: "If the defendant, at any time before trial, offer in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor, with the costs then accrued; but if he do not accept such offer before the trial, and fail to recover in the action a sum equal to the offer, he cannot recover costs accrued after the offer; but costs must be adjudged against him. But the offer, and failure to accept it, cannot be given in evidence to affect the recovery otherwise than as to costs as above provided." The recovery being less than this offer, the defendant in error had judgment in his favor for the amount of the verdict and costs before the filing of the offer, but against him for all costs made subsequently to that time.

From this judgment the defendant in error appealed to the district court, when the verdict in his favor was for a still smaller amount. Thereupon, on the second day of April, 1878, he filed a motion for judgment on the verdict, and for his costs, notwithstanding the said offer to confess, and at the same time proved to the court the fact, then for the first time brought to its attention, that he was still a minor, and would not attain his majority until the sixth day of September of that year. On the seventh of October, while this motion was still pending, and before any further step had been taken in the case, the defendant in error, by special appearance, disclaimed all right to the verdict or benefit under it, and insisted "on his minority, as a bar to any judgment against him for any costs in this case." Acting upon this disclaimer, and the unquestioned minority of the defendant in error, as stated,

Kleffel v. Bullock.

the court dismissed the case generally, and, against the demand of the plaintiff in error, refused to render judgment in his favor for costs.    This refusal is the ground of the alleged error, and to · correct which the case is brought to this court.

The first question to be disposed of is one of practice, raised by defendant in error in his brief.   He contends that, in order to make an offer to confess judgment under the statute available to the party making it on appeal, the offer must be renewed in the appellate court.   We cannot so hold.   The offer, once properly entered, becomes a part of the record of the case, and, if not withdrawn, is just as available on final judgment in the appellate court as it could have been in the court where made had no appeal been taken.

The next and main question presented by the record is much more difficult, and altogether novel in this court.   By our legislation, all the disabilities of infants, as they exist at common law, are fully recognised.   Indeed, we are not aware of any statute in this state modifying them in any respect whatever.   Accordingly, we find that section thirty-six of the code of civil procedure provides that: " The action of an infant must be brought by his guardian or next friend."   And even when brought by his next friend, if it be discovered that the action is not for the infant's benefit, the court, on its own motion, may dismiss it.   Our practice in this respect seems to be based upon the unquestionable presumption of law that, until a person arrives at full age, no matter what his mental attainments and experience in life may be, he has not sufficient capacity to decide for himself whether the action would probably benefit him, or whether, under all the circumstances, it ought to be brought.

Observing still further the common law respecting

suits by infants, our code, section thirty-seven, provides that: "The guardian or next friend is liable for the costs of the action brought by him," thus implying very clearly that even although the infant has had the benefit of the judgment of a person of mature years as to the propriety of bringing the action, yet if it result disastrously to him, he shall not be liable to a judgment for costs. Indeed, one of the chief objects in requiring a next friend seems to be, as was said in *Heft et al. v. McGill et al.*, 3 Penn. State, 256, "to supply the want of capacity in the infant, to afford in his own person a party on the record responsible for costs." And we find that, independently of statutory regulation, the rule seems to be that no judgment for costs can be rendered against an infant plaintiff. *Bouche v. Ryan*, 3 Blackf., 472. *Sproule v. Botts*, 5 J. J. Marshall, 162. But in Massachusetts, under a peculiar statute, it is held that an infant plaintiff, and not his *prochein amy*, is liable to judgment for costs. In one case, Wilde, J., remarked: "The defendants claim costs against the *prochein amy*, on the grounds that the plaintiff, being an infant, is not liable therefor; and this claim seems to be supported by the English practice. But our practice seems to be different, and is conformable to our statutes regulating the recovery of costs." In that state, in order to make the *prochein amy* liable for costs, he must indorse the writ therefor. *Smith v. Floyd*, 1 Pick., 275. *Crandall v. Slaid and wife*, 11 Metc., 288. We have no statute similar to that of Massachusetts; but, as before shown, our entire legislation seems to harmonize completely with the practice under the common law, both in England and in this country.

Now it would seem to be a reasonable conclusion, from what we have already shown, that had judgment been rendered against the defendant in error while he

Kleffel v. Bullock.

was still a minor, it would have been erroneous. If an infant plaintiff, who has had the advice of a guardian or next friend as to the propriety of commencing his action, cannot be required to pay costs when defeated, upon what principle can he be adjudged to pay them when he has been so indiscreet as to proceed without such aid, relying alone upon his own immature judgment in the matter? We know of none.

It may seem a hardship on the plaintiff in error to be put to the expense of defending against what was proven to be an unjust demand, without recourse finally against the claimant. But this result he could have successfully guarded against by pleading the infancy of the plaintiff in the action in abatement at the outset, by which he would either have brought into the case a responsible "next friend" who would have been liable for costs, or obtained a dismissal of the action without further trouble or expense.

It only remains now to inquire whether, by reason of the defendant in error having arrived at his majority before the termination of the action, a judgment against him for costs would have been proper.

From analogy to the cases of the ratification of the voidable acts of infants after becoming of full age, we think it clear that if, after reaching his majority, he had either assented to judgment on the verdict or taken a single step in the further prosecution of the action, all the privileges of infancy would thereby have been fully waived, and he would have been bound by the action of the court. But the record shows that, at the very first opportunity after he reached the age of twenty-one years, he disclaimed all benefit from what had been done in the case, and in the most unequivocal manner denied the jurisdiction of the court to proceed further. Our opinion is that a judgment against the defendant in error, under these circum-

stances, would be equally as erroneous as if it had been rendered while he was yet an infant.

JUDGMENT AFFIRMED.