Okey, O. J.
A judge of the court of common pleas is ex officio a judge of the district court, and as such is empowered to grant temporary alimony pending an appeal with respect to permanent alimony. 72 Ohio L. 145, § 9; 75 Ohio L. 749, § 13; Rev. Stats. § 5701. The order thus made in such special proceeding (75 OhioL. 726; 2 Rev. Stats. 1361), is in its nature final, and may be reviewed on error. 75 Ohio L. 804, § 1; Rev. *372 Stats. § 6707; O'Donnell v. O'Donnell, 1 Disney, 299; Brigel v. Starbuck, 34 Ohio St. 280; Carpenter v. Canal Co. 35 Ohio St. 307, 315; Foss v. Foss, 100 Ill. 576; 2 Bishop’s M. & D. § 406. While the better practice is for the judge making such order to sign it, this is not essential to its validity, where, as here, it was entered on the journal by direction of the judge as required by statute (Rev. Stats. §§ 4963, 5331; Osburn v. The State, 7 Ohio, pt. 1, p. 212); and the provisions as to signing the journal which the former .practice act contained (Sheehan v. Davis, 17 Ohio St. 571), was not carried into the code. Nor can there be any doubt as to the right to increase the temporary alimony, from time to time, as justice may require (2 Bishop’s M. & D. § 429); and this suit having been properly brought where both parties were domiciled, it is obvious the right to alimony cannot be affected by the removal of the petitioner, pendente lite, to another state. See Keerl v. Keerl, 34 Md. 21.
The remaining question is as to the effect of the marriage of Julia Ring on the orders for temporary alimony, and on the power of the district court to award permanent alimony. With respect to the orders for temporary alimony, we are unable to say, from this record, that the marriage should have any effect whatever. It does not appear, that by such marriage her condition has been so changed as to render the orders unjust or inequitable. And while the question as to the power of the district court, under such circumstances, to award permanent alimony, may not be wholly free from doubt, we are all of opinion that the power existed. A decree for alimony is not affected by the subsequent marriage of the woman to whom it is granted, in the absence of a provision in the decree that it shall have such effect, although such marriage may, in some cases, afford sufficient ground for reducing the amount. See Rev. Stats, pt. 3, tit. 1, div. 7, ch. 6; Stillman v. Stillman, 99 Ill. 196; s. c., 20 Am. L. Reg. 667, 673, note; 9 West. L. Jour. 548; Lockwood v. Krum, 34 Ohio St. 1; 2 Bishop’s M. & D. § 429. Here, alimony was awarded in the common pleas, and although the decree was in form vacated by the appeal, the object sought by the appellant was not to escape from the payment of any alimony, but simply to obtain a review and reduc *373 tion as to the amount. In determining the amount, the change effected by the marriage of the petitioner was evidently considered, and properly considered, by the district court,' and hence the amount awarded in the common pleas was materially reduced. Moreover, while designated as alimony, the sum was awarded, not strictly as alimony (2 Bishop’s M. & D. § 553), but doubtless with a view to the support of the appellant’s own child. Whether the amounts of the temporary and-permanent alimony were too great or too small, we are unable to determine from the record. We deal simply with questions of power in deciding this case, and do not find there has been such abuse of authority as to call for a reversal of either of the judgments.

Judgments affirmed