G. C. UNDERHILL, PLAINTIFF IN ERROR, v. MICHAEL SHEA AND JOHN DELANEY, DEFENDANTS IN ERROR.

1. **Justice of Peace:** OFFER TO CONFESS JUDGMENT: COSTS. Where, in an action for money before a justice of the peace, it is shown by the docket of the justice that prior to the day of trial the defendant offered to confess judgment in favor of the plaintiff for a certain sum, which the plaintiff refused to accept, there is no presumption that the offer was not in writing, and in such case the decision of the district court on a motion to tax costs to plaintiff for the reason that the judgment did not exceed the offer, will not be molested.

2. **Judgment:** OFFER TO CONFESS. An offer to confess judgment duly made in the court where the action is brought, under section 1,004 of the code of civil procedure, need not be renewed in the appellate court in order to make it available to the party making it on final judgment. *Kleffel v. Bullock*, 8 Neb., 336.

ERROR to the district court for Otoe county. Tried below before HAYWARD, J.

*D. T. Hayden* and *E. F. Warren*, for plaintiff in error.

*F. E. Brown*, for defendants in error.

REESE, J.

This action was originally instituted before a justice of the peace. It was founded upon a promissory note, dated November 3, 1883, due seven months after date, for the sum of $122.50, with interest from date at the rate of ten per cent. The docket of the justice contains, among others, the following entry: "January 20, 1885, 10 o'clock A.M., summons returned. Parties appeared. Defendants offered to confess judgment to the sum of $84.25 and costs to date. Plaintiff refused to accept."

The cause was adjourned to a later date, when a

jury trial was had, resulting in a verdict in favor of plaintiff for $138.35, and· upon which judgment was rendered. The cause was taken to the district court by defendant by petition in error, and upon a hearing there the petition in error was sustained, the judgment reversed, costs taxed to plaintiff, and the cause retained for trial. Issues were formed and upon a trial to the court judgment was rendered in favor of plaintiff for the sum of $93.10, with costs taxed at $113.88. Defendant then moved to tax the costs to plaintiff and assigned as their reason therefor the offer to confess judgment in the justices' court before trial. Upon a hearing of this motion the district court taxed to plaintiff the costs of his own witnesses, which amounted to $52.50, but overruled the motion as to the other costs. Both parties complain of the ruling on this motion, but as defendant has filed neither a petition in error nor assignments of errors in this court, he must be taken to have waived his right to complain, and no further attention need be given to that part of the case.

The sole question, then, before us is, whether or not the court erred in sustaining defendant's motion to the extent of charging plaintiff with the costs of his own witnesses. We think not. The real basis of the contention of plaintiff in error is the alleged fact that the offer to confess judgment was not in writing as required by section 1,004 of the civil code. From the record before us we cannot say with certainty whether the offer was made in writing or not. It is only shown that the offer was made and refused by plaintiff. There is nothing in the record ·which gives any light upon the subject, unless the fact that a fee was charged by the justice for filing the offer might be taken as a suggestion that it was in writing. But as it is a well established rule that error must affirmatively appear before a judgment will be reversed, we need only say that as the record stands we must presume the ruling of the district court to be correct and sustained by the record before it.

As the question whether or not the making of such an offer in open court and its entry on the docket by the justice would be a sufficient compliance with the section referred to is not before us, we have not examined it and express no opinion thereon.

It is next suggested that the offer, if made, was insufficient in amount, not being equal to the judgment finally recovered. The action was upon a promissory note drawing ten per cent interest. Defendant admitted an indebtedness of $75.00 and interest, but claimed that by mistake the note was written for $46.50 more than he actually owed. The amount of his offer was a little more than the $75.00 and interest thereon to the date the offer was made. The trial court found that the true amount of the debt was $75.00 and interest, which was a few cents less than the amount of defendant's offer and interest. The offer, if properly made, became a part of the record of the case, and was as available on final judgment in the appellate court as in the court where made. *Kleffel v. Bullock*, 8 Neb., 341. No objection can be urged to the offer as being too small.

As no error appears upon the record the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.