29  139
55  317

JOHN ELSANGER v. CHARLES GROVIJOHN.

[FILED MARCH 11, 1890.]

1. **Review:** EVIDENCE. If the evidence on behalf of one party, when considered without reference to the evidence introduced by the other party, sustains the verdict, the verdict will not be set aside by a reviewing court on the ground that it was not supported by the evidence.

2. ———: ———. When testimony is introduced under an agreement of the parties, error cannot afterwards be predicated upon the admission of such testimony.

3. **Justice's Court:** OFFER TO CONFESS JUDGMENT: COSTS. In an action before a justice of the peace, if the defendant before trial offers in writing to allow judgment to be taken against him for a specified sum, and the plaintiff declines to accept the same, and fails to recover a sum equal to the offer, he cannot recover costs made after the offer.

ERROR to the district court for Cuming county. Tried below before KINKAID, J.

*Uriah Bruner*, for plaintiff in error, cited, as to the amendment of the transcript: Maxwell, Pl. & Pr. [5th Ed.], 716; *Fox v. Meacham*, 6 Neb., 534–5; *Adams v. Thompson*, 18 Id., 543–4.

*Thomas M. Franse, contra.*

NORVAL, J.

The plaintiff in error commenced suit in the justice court for the sum of $42 for herding defendant's cattle. The plaintiff recovered judgment for the sum of $8, from which he appealed to the district court. The plaintiff claims that the defendant contracted to pay him $8 per month for herding cattle, while the defendant insists that the contract was $8 for the entire season. The case was tried in the district

court to a jury and a verdict was returned for $8 for the plaintiff. The plaintiff filed a motion for a new trial, assigning as reasons therefor:

1. That the verdict is not sustained by sufficient evidence.

2. That the verdict is contrary to law.

3. Errors of law occurring at the trial, duly excepted to.

4. The court erred in refusing to give the instructions asked by plaintiff.

5. The court erred in admitting the evidence of Daniel C. Giffert, a witness called by defendant, as to the value of the herding and pasturage claimed for by plaintiff.

The motion for a new trial was overruled, an exception was taken, and judgment was rendered on the verdict.

It is claimed that the verdict is against the evidence. We have examined the testimony contained in the bill of exceptions with care, so as to enable us to form a proper estimate of the merits of the case. The evidence is conflicting. It has been repeatedly held by this court that it will not set aside a verdict as against the evidence, unless it is clearly unsupported by the evidence.

Reviewing the case before us in the light of our own decisions, it is manifest that it ought not to be reversed on the ground that the verdict is not supported by the evidence. The evidence of the defendant, when considered without reference to the plaintiff's evidence, fully sustains the verdict.

Error cannot be based upon the admission of testimony offered by the defendant to prove the value of the herding, because the bill of exceptions shows, before any evidence was admitted tending to show the value of said herding, "that counsel for the plaintiff and defendant expressly agreed to introduce evidence as to the value of such herding for the purpose of showing whether the contract relied upon by the plaintiff or the contract relied upon by the defendant was made." After making such a stipulation the plaintiff cannot predicate error upon the admission of such

testimony or upon the refusal of the court to strike it from the record.

No complaint is made in the motion for a new trial of any remarks made either by counsel for defendant or by the trial judge in the hearing of the jury, and this assignment in plaintiff in error's brief will not be considered.

It is urged that the court erred in permitting the transcript of the proceedings in the justice court to be amended. It appears that after the trial in the district court the justice's transcript was amended so as to show that the defendant filed in the justice court a written offer to confess judgment for $15 and costs, and that the plaintiff refused to accept the offer. This amendment was doubtless made to prevent the plaintiff from recovering costs, as the offer to allow judgment was for $15, while the verdict was for a less sum. After the amendment was made the justice attached a new certificate to the amended transcript, certifying that it was a true transcript and that the amendment was made to correspond with the facts. There was no impropriety in permitting the amendment to be made after the verdict was returned. The offer to allow judgment could only affect the matter of costs. The jury had nothing to do with that question. It was a question solely for the court, and the offer could be brought to the attention of the court after verdict. In fact, that was the proper time to do so.

Complaint is also made because the plaintiff did not obtain a judgment for costs. Ordinarily, a plaintiff is entitled to recover costs. There are, however, exceptions to the general rule. Section 986 of the Code provides: " If, on an appeal by the plaintiff from a judgment in his favor, he shall not recover a larger sum than twenty dollars exclusive of interest since the rendition of the judgment before the justice, he shall be adjudged to pay all costs in the district court, including a fee of five dollars to the defendant's attorney."

The plaintiff appealed and recovered less than twenty

dollars in the district court, and was therefore not entitled to costs in that court. Again, it appears that the defendant offered in writing before the trial in the justice's court to allow the plaintiff to take judgment for $15 and costs. The plaintiff declined to accept said offer, and failing to recover a sum equal to the offer, he cannot recover costs made thereafter. (Code, sec. 1004.) Judgment was rendered in the justice court against the defendant for all costs made prior to the offer to allow judgment.

The fourth assignment of error in the motion for a new trial cannot be considered, for the reason that the record does not contain the instructions asked by the plaintiff. It is therefore impossible to say whether the court erred in refusing them or not.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.