WARREN A. FLOWER V. NICHOLS BROS. ET AL.

FILED JUNE 9, 1898. No. 8103.

1. **Review of Instructions:** ASSIGNMENTS OF ERROR. To entitle instructions to be reviewed they should be separately assigned in the motion for a new trial, as well as in the petition in error.

2. ——: HARMLESS ERROR. A judgment will not be reversed for the giving of an instruction which could not have prejudiced the complaining party.

3. **Review of Rulings on Evidence:** ASSIGNMENTS OF ERROR. The rulings on the admission of testimony cannot be reviewed unless the same were either by general or specific assignments called to the attention of the trial court by the motion for a new trial.

4. **Justice of the Peace:** OFFER TO CONFESS JUDGMENT: COSTS. In an action before a justice of the peace, where the defendant before trial offers in writing to allow judgment to be taken against him for a specified sum, and the plaintiff declines to accept the same, and fails to recover a sum equal to the offer, he is not entitled, under section 1004 of the Code of Civil Procedure, to recover costs subsequently made, but the same should be adjudged against him.

5. ——; ——; ——; APPEAL. An offer to confess judgment duly

made in a cause pending before a justice of the peace need not be renewed in the appellate court to make the provisions of said section 1004 of the Code available to the defendant on final judgment.

ERROR from the district court of Scott's Bluff county. Tried below before NEVILLE, J. *Affirmed.*

*T. M. Morrow* and *W. J. Richardson,* for plaintiff in error.

*O. W. Gardner* and *M. J. Huffman, contra.*

NORVAL, J.

Warren A. Flower, plaintiff in error, was plaintiff in the court below. In 1893 the defendants constructed an irrigating ditch or canal over and across his lands. Plaintiff insists that defendants entered upon his land without authority or permission from him so to do, while the defendants maintain that they had the right to construct said ditch, by reason of a contract entered into by them with plaintiff, through his duly authorized agent. This suit was instituted before a justice of the peace to recover damages for the alleged trespass, where defendants offered in writing to permit judgment to go against them in the sum of $27, which offer was rejected by plaintiff, and from the judgment there rendered against him an appeal was prosecuted by plaintiff. A trial to a jury resulted in a verdict and judgment in his favor for $10, but all costs which accrued subsequent to the offer of compromise were taxed against him.

The sixth and seventh paragraphs of the court's charge to the jury are assigned for error in this court. But they cannot be reviewed, because not separately assigned in the motion for a new trial. Six of the eleven instructions given by the court below on its own motion were grouped in a single paragraph in the motion for a new trial. Such an assignment is insufficient, under the repeated decisions of this court, if one of the instructions included in such group was properly given. Errors

in instructions must be separately assigned in the motion for a new trial, as well as in the petition in error. (*Kaufman v. Cooper*, 46 Neb. 644; *McCormal v. Redden*, 46 Neb. 777; *Graham v. Frazier*, 49 Neb. 90; *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb. 68; *Union P. R. Co. v. Montgomery*, 49 Neb. 429.) The third instruction was one of the number embraced in the same assignment, which stated "plaintiff denies that any consent was given or that any agreement was made by which defendants were authorized to construct said ditch across said lands." This portion of the charge was favorable to plaintiff, and manifestly the giving thereof is not reversible error. It follows that the sixth and seventh instructions cannot be reviewed.

The jury were instructed, at the request of defendants, that plaintiff had the right to the use of the water in the ditch or canal by paying to the owner thereof a just and reasonable compensation for such use. Plaintiff could not have been prejudiced by this instruction, as it could not have had any influence with the jury, unfavorable to the plaintiff, in determining the amount of his damages.

Complaint is made of the admission of the testimony of certain designated witnesses for the defendants. These rulings were not assigned for error in the motion for a new trial. Said motion does not even contain the usual assignment of "errors of law occurring at the trial." The only specification made in the motion for a new trial to the admission of the evidence relates solely to the allowing of the defendants to testify on certain subjects. No complaint was made in the trial court, either generally or specifically, of the rulings on the admission of the testimony of any witness for the defense other than the defendants themselves.

The damages allowed by the jury are within the evidence, and the verdict cannot be disturbed for want of an assessment of adequate damages.

It is finally argued that it was reversible error to assess

against plaintiff the costs accruing subsequent to the filing of the offer of compromise made by the defendant. Section 1004 of the Code of Civil Procedure is applicable to causes before justices of the peace, and is as follows: "If the defendant, at any time before the trial, offer, in writing, to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor, with the costs then accrued. But if he do not accept such offer before the trial, and fail to recover in the action a sum equal to the offer, he cannot recover costs accrued after the offer; but costs must be adjudged against him." The record distinctly shows that prior to the trial before the justice the defendants offered in writing to permit plaintiff to take judgment against them for $27, which offer plaintiff declined to accept, and he only recovered in the district court the sum of $10 damages. Plaintiff having failed to recover a sum equal to the amount of defendants' offer, he was not entitled to recover costs made subsequent to such offer, but the same were properly adjudged against him. (*Elsanger v. Grovijohn*, 29 Neb. 139.) It is true it is not disclosed that the offer to allow judgment was renewed in the district court, but this was not necessary to make the provisions of said section 1004 available to the defendants. (*Kleffel v. Bullock*, 8 Neb. 336; *Underhill v. Shea*, 21 Neb. 154.) No reversible error appearing on the face of the record, the judgment of the district court is accordingly

AFFIRMED.