Summers, J.
The general rule as to costs, in actions for recovery of money only, is (Section 5348, Revised Statutes) that they shall be allowed, of course, to the plaintiff upon a judgment in his favor, when it is not otherwise provided by statute. It is otherwise provided by Section 5141, Revised Statutes, that: “The defendant in an action for the recovery of money may offer in court to confess judgment for part of the amount claimed, or part of the causes involved in the action; whereupon, if the plaintiff, being present, refuse to accept such confession of judgment, in full of his demands against the defendant in the action, .or having had such notice that the offer would be made, of its amount, and of the time of making it, as the court deems reasonable, fail to attend, and, on the trial, do not recover more than was so offered to be confessed, and the interest thereon from the date of the offer, such plaintiff shall pay all the costs of the defendant incurred after the offer was made.”
It appears from the record that the defendants offered to confess judgment for an amount in excess of that subsequently recovered by the plaintiff, but it does not appear that the plaintiff was present, or that he had notice that the offer would be made. It is conceded that an offer made in the absence of the plaintiff and without notice, would not be good, but it is contended that the.maxim omnia pr,aesumuntnr rite et solenniter esse acta applies and that a ground of reversal is not apparent *196 unless the record affirmatively shows an absence of these statutory requirements. Counsel for the defendant in error denies that the maxim is applicable. His contention is that the court was without jurisdiction to enter judgment by confession unless' the terms of the statute were complied with, that the record must show jurisdiction, and that the record not so showing the judgment as to costs is erroneous.
The judgment of a court of general jurisdiction is presumed to be within its jurisdiction, but the jurisdiction of inferior courts, and of superior courts when their proceedings are under special authority, is not presumed but must be shown.' Galpin v. Page, 18 Wallace, 364; Lawson on Law of Presumptive Evidence, 29 and 30.
But what is jurisdiction ? In Sheldon’s Lessee v. Newton, 3 Ohio St., 494, it is defined as follows: “The power to hear and determine a cause is jurisdiction; and it is coram judiee whenever a case is presented, which brings this power into action. But before this power can be affirmed to exist, it must be made to appear .that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal to answer the charge therein contained.” And it is then ruled: “When these appear, the jurisdiction has attached; the right to hear and determine is perfect; and the decision of every question thereafter •arising is but the exercise of the jurisdiction thus conferred; and whether determined rightfully or wrongfully, correctly or erroneously, is alike im *197 material to the validity, force and effect of the final judgment when brought collaterally in question. The proposition that the jurisdiction can be made to depend upon the record’s disclosing such a state of facts to have been shown in evidence, as to warrant the exercise of its authority, was distinctly repudiated in.the early case of Ludlow’s Heirs v. Johnston, 3 Ohio, 560, and has been no less positively denied in every subsequent case, including Lessee of Adams v. Jeffries, 12 Ohio, 253. This court wholly dissents from it, both on reason and on authority. These rules apply to proceedings of the old court of common pleas in Ohio, on petition by executors or administrators for the sale of real estate to pay debts.” The same effect is to be given to the judgment upon a direct attack, in the absence of an affirmative showing that the court was without authority to enter the judgment. Work on Courts and Their Jurisdiction, 165. The statutory provisions respecting costs do not confer jurisdiction; they merely prescribe how in the exercise of jurisdiction costs shall be awarded.
The court having adjudged the costs against the plaintiff, the presumption is that the facts existed that warranted .the court in so adjudging them. Section 5141 does not require the facts to be entered of record, and to overcome this presumption and to warrant a reviewing court to reverse the judgment, it was incumbent upon the plaintiff to make the want of authority appear affirmatively on the face of the record. The Warder Bushnell & Glessner Co. v. Jacobs, 58 Ohio St., 77.
Underhill v. Shea et al., 21 Neb., 154, is directly in point. In that case the docket of the justice *198 contained the following entry: .“January 20, 1885, 10 o’clock a. m., summons returned. Parties appeared. Defendants offered to confess judgment to the sum of $84.25 and costs to date. Plaintiff refused to accept.” In the opinion it is said: “The sole question, then, before us is, whether or not the court erred in sustaining defendant’s motion to the extent of charging plaintiff with the costs of his own witnesses. We think not. The real basis of the contention of plaintiff in error is the alleged fact that the offer to confess judgment was not in writing as required bjr Section 1004 of the civil code. From the record before us we can not say with certainty whether the offer was made in writing or not. It is only shown that the offer was made and refused by plaintiff. There is nothing in the record which gives any light upon the subject, unless the fact that a fee was charged by the justice for filing the offer might be taken as a suggestion that it was in writing. But as it is a well established rule that error must affirmatively appear before a judgment will be reversed, we need only say that as the record stands we must presume the ruling of the district court to be correct and sustained by the record before it.”
The following cases are more- or less illustrative of the application of the rule.
In Shroyer, Gdn., v. Richmond and Staley, 16 Ohio St., 455, it is held: “The probate courts of this state are, in the fullest sense, courts of record; they belong to the class whose records import absolute verity, that are competent to decide on their own jurisdiction, and to exercise it to final judgment, without setting forth the facts and evidence on which it is rendered. Hence, an order *199 appointing a guardian, made by a probate court, in the exercise of jurisdiction, can not be, collaterally, impeached. The record showing nothing to the contrary, it will be conclusively presumed, in all collateral proceedings, that such order was made upon full proof of all the facts necessary to authorize it.”
In Sheehan et al. v. Davis, 17 Ohio St., 571, 580, it is said: “But the journal in this case did not show that the president judge of the court was present, sitting in court, when the minutes of the proceedings of the last day of the term, on which the confirmation was ordered, were read and signed. If he was then absent, the journal was properly signed by the senior associate judge, who, in such case, would be the presiding judge of the court. We think the maxim Omnia rite acta presiummtur is properly applicable to such a case. We are not to presume a state of facts- which would invalidate the journal entries, when a different state of facts may be -reasonably presumed which would make them regular and valid.”
In The Village of Monroeville v. Root, 54 Ohio St., 523, where the court did not comply with counsel’s request to give certain instructions before argument and there was an exception, it was held that error did not affirmatively appear, because it did not appear that the exception was to the failure to the court to give the instructions before the argument. And in the case of The Warder Bushnell & Glessner Co. v. Jacobs, supra, where the record showed the use of improper language in the argument of counsel and an exception, it was ruled that prejudicial, error did not appear, because it did not appear but that the court *200 might have admonished counsel and instructed the jury not to regard the remarks of counsel.
The judgment of the circuit court is reversed and the judgment of the court of common pleas is affirmed.

Reversed.

Shauck, C. J., Price, Crew, Spear and Davis, JJ-, concur. .