## EXECUTION OF CONDITIONAL SALES CONTRACTS.

Circuit Court of Cuyahoga County.

THE STATE BANKING & TRUST CO. v. THE HENRY MARTIN BRICK MACHINE MANUFACTURING COMPANY ET AL.

Decided, November 16, 1908.

*Conditional Sales—Signature of Manager of Vendee Corporation Sufficient—Vendor Under a Conditional Sale at Common Law May Retake Without Tendering Repayment of Amount Paid.*

1. Where it appears in the body of a conditional contract of sale that the vendee is a certain corporation, and the contract is signed by the purchaser in such manner as to comply with the provisions of Section 4155-2, Revised Statutes, if signed by and in the name of its manager thereunto lawfully authorized, it is binding although the name of the corporation is not signed.

2. At common law where title is expressly retained in the vendor of chattels until the purchase price is paid, upon default by the vendee, the vendor can retake them either from the vendee or any one having possession, without first tendering repayment of the sums paid by the vendee.

*Smith, Taft & Arter*, for plaintiff in error.
*Kline, Tolles & Goff* and *Cook, McGowan & Foote*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error presents questions as to fixtures and conditional sales. The Eggers Brick Company purchased from the Henry Martin Brick Machine Manufacturing Co. a dryer and other extensive appliances for the making of bricks, by written contract, wherein the title, until payment made, was reserved in the vendor. After these appliances were erected on the Eggers Brick Company's premises the land was sold, on foreclosure sale, to the State Banking & Trust Company, plaintiff in error here, which had notice, however, of the Martin Brick Machine Manufacturing Company's claim of title to said appliances. The action below was a replevin proceeding, in which the Martin Brick Manufacturing Company recovered a verdict and judgment, but the appliances sought to be replevied were retaken by the Eggers Brick Company, under re-delivery bond, and the same are claimed by the bank, upon the theory that they are fixtures as between it and the Eggers Brick Company; and also, because recourse to the re-delivery bond is now the machine brick manufacturing company's sole reliance it, too, is without a claim upon the physical property.

As against the bank, the trustee in bankruptcy of the Eggers Brick Company contends that the dryer, etc., are not fixtures but severable chattels which did not pass with the realty.

As against the machine manufacturing company, the trustee in bankruptcy contends that the contract of conditional sale is invalid under Section (4155-2), Revised Statutes, not being evidenced by writing signed by the purchaser, and because the vendor being expressly excluded from the operation of Section 4155-3, Revised Statutes, it is remitted to its common law rights and hence has no right to the possession of the machinery delivered by it until it returns, or offers to return, that part of the purchase price already received by it.

Taking up the last claim first, we hold, upon the authority of *Sheehan et al* v. *Davis*, 17 O. S., 570, that the contract in question was executed in a manner binding upon the Eggers Brick Company when it was signed by and in the name of its manager, thereunto lawfully authorized, notwithstanding that the name of the corporation is not signed thereto, for it appears from the

body of the instrument that the Eggers Brick Company was the real contracting party.

It is true that the word sign and execute are not technically convertible terms, but it was held in *Tiernan* v. *Fennimore,* 17 Ohio, 545, that they are, in common parlance, used interchangeably. We interpret the word "signed" in Section (4155-2) in the broader sense.

As regards the right of the brick machine manufacturing company to maintain replevin for the dryer, etc., in pursuance of its retained title and for breach of the Eggers Brick Company's agreement to pay, as stipulated, it is not true at the common law, as we understand it, that a tender back must be of such portion of the purchase money as had already been paid. The authorities cited on behalf of the trustee in bankruptcy do not apply where the vendor's title is expressly retained until payment completed. Whatever right the vendee may have to a return of the money so paid can not be asserted in defense of the vendor's right to retake possession of the goods. The vendee, in such case, has no property in the goods themselves (*Sage* v. *Sleutz,* 23 O. S., 1; *National Cash Register Co.* v. *Cervone,* 76 O. S., 12, 20). In the latter case, Spear, J., pronouncing the opinion of the court says:

"Prior to the passage of the conditional sales statutes of May 4, 1885 (82 Ohio Laws, 238), the title to property so conditionally sold remained absolutely in the vendor until the purchase price should be fully paid, and he might retake the property, if any part of the purchase money remained due and unpaid, either from the purchaser or any person having possession of it."

It is thus apparent that the absence of a covenant to that effect from the conditional sale contract in the case before us is quite immaterial.

All the remaining questions in this case will have been fully disposed of, if we should find that the dryer, etc., were not so annexed to the realty as to become a part of it, and in this behalf we had with the court below, on the authority of *Case Manufacturing Company* v. *Garven,* 45 O. S., 289. In view of the very full discussion of the law of fixtures in the various re-

ported decisions of the Supreme Court of this state, we deem it unprofitable to enter into an extended discussion of that subject here. Suffice it to say that our re-examination of these authorities, as applied to the facts of this case, satisfy us that there is no error in the record, and hence the judgment below is affirmed.