RALPH WIEDEMAN V. STATE OF NEBRASKA.

4 N. W. (2d) 566

FILED JUNE 12, 1942. No. 31367.

*Carl H. Peterson,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *John H. Comstock, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

Defendant was charged with and convicted of the crime of rape and sentenced to be confined in the reformatory for men for a period of five years.

Defendant appeals and presents here three assignments of error: First, the insufficiency of the evidence to sustain the conviction; second, the refusal of the court to admit evidence which might have explained the cause of the physical condition of the complaining witness; third, the refusal of the trial court to instruct the jury concerning the lesser crimes of assault and battery and simple assault. These will be considered in the order assigned.

There is no dispute about any of these facts. The alleged offense occurred on July 18, 1941. The defendant is a boy of about 18 years. He, on the evening in question together with two other boys (and the defendant says, his older brother), were riding in an automobile when they came

upon the complaining witness on her way to the roller skating rink in Norfolk. She had been acquainted with the defendant. They asked the complaining witness to get in the car with them and she refused.

That evening about 10 o'clock she was walking home alone when the same group of boys, including defendant's older brother, again saw her. The defendant on foot approached her and she got into the car, and they drove about Norfolk, during which time an unsuccessful effort was made to get another girl to join them in the car. They finally drove out to a meadow near the airport, where the offense allegedly occurred.

She testified that she was forced into the car; the defendant testifies she entered voluntarily. She testifies that she asked to be taken home; the defendant testifies that she agreed with them to go to his parents' home near the meadow to get something to eat. The defendant and his brother testify that they entered the meadow because the brother was sick and wanted to be off the highway. She testifies that when they were going to the meadow she was insisting on being taken home; that when they reached the meadow the three others got out of the car and the defendant made improper advances. Later a second boy held her head and shoulders while an attempt was made by the defendant to have intercourse with her while they were in the car; that then a third boy pulled her forcibly from the car and that, between the three boys, defendant and one other had intercourse with her; that she was screaming, crying, pleading and resisting to the full extent of her powers throughout.

The defendant testified that at the meadow after the three others left the car he sat for several minutes with one arm around her shoulders and the other across the lower part of her body; that one of the other boys then pulled her from the car and "rassled" with her on the ground. He specifically denies the act of intercourse of any of them or that he had any part in the wrestle except to attempt to protect the complaining witness.

The girl's testimony is corroborated throughout. The only material dispute is as to what occurred in the meadow. Her testimony there is corroborated by two persons who heard a girl screaming and men talking. There is also no dispute that after these events the defendant, driving the car, took the girl to the home of a friend where she spent the night. When she reached there her clothing was torn, her body lacerated, bruised and dirty. The next morning she reported the occurrence to the police, was examined by a physician who described in detail her physical condition as to bruises, scratches on various parts of her arms, legs and body, including an "old bruise five days to a week old." He further stated that his examination revealed a condition such as could have been caused by "forcible sexual intercourse" and which he would doubt "very much" could have been caused by a "rough and tumble fight." The long-established rule is: "In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." *Fager v. State*, 22 Neb. 332, 35 N. W. 195. Without further discussing the evidence it is sufficient to state that there is ample evidence to sustain the conviction.

The next contention apparently is based on the theory that the old bruise indicated a previous assault and that had it been explained it would also have revealed that the physical condition, other than the scratches and new bruises, was of more ancient origin than the events of the night in question. The record discloses no offer to prove any fact of that kind by the defendant, either by cross-examination of the state's witnesses or by evidence in chief for the defendant. In the absence of an offer of proof and of a ruling thereon by the trial court, there is no basis upon which error can be predicated. This rule is too well established

to require citation of authority. Neither is there any assignment of error made in the motion for a new trial as to either the admission or rejection of evidence or the court's ruling thereon. It is obvious that this contention is without merit. The rule is: "The rulings on the admission of testimony cannot be reviewed unless the same were either by general or specific assignments called to the attention of the trial court by the motion for a new trial." *Flower v. Nichols Bros.*, 55 Neb. 314, 75 N. W. 864.

The third assignment goes to the refusal of the trial court to give a tendered instruction as follows: "The jury are instructed that the crime of forcible rape includes the crime of assault and battery and if you shall find from the evidence submitted in this case that the defendant is not guilty of rape but that said defendant is guilty of an assault then you should find the defendant guilty of assault and battery."

The trial court in overruling the motion for a new trial placed in his journal entry this statement, the accuracy of which is not questioned by the defendant. "That with reference to instruction No. 8 tendered by defendant at the time of trial that at the close of all the testimony and prior to the argument the defendant's counsel stated to the court that he did not desire any instruction upon the lesser crimes involved for the reason all the testimony pointed to either the guilt or innocence of the defendant as charged and that the court was of the same opinion and therefore prepared no instruction and that the instruction tendered was tendered just before the reading of the instructions by the court and after all of said instructions had been prepared."

The record sustains the position of the trial court. The evidence of the state supported and that of the defense denied guilt of the principal offense charged. The evidence is of such a nature that the offense of assault and battery should not have been submitted to the jury. It is not error for the trial court to refuse to instruct on the lesser included offenses under such circumstances.

Considering the age of the defendant and the facts of this record, we are of the opinion that the sentence of the trial

court is excessive. By virtue of the power given this court by section 29-2308, Comp. St. 1929, the sentence is reduced from five to three years, and as so modified the judgment of the trial court is

AFFIRMED: SENTENCE REDUCED.

ROSE and PAINE, JJ., concur in the opinion except as to the reduction of the sentence to three years.